UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN J. MOREAU, JULIE HEDSTROM f/k/a/ Julie A. Moreau, JANA EDMONDSON f/k/a Jana L. Moreau, and JEANNINE LUNDSTROM, f/k/a Jeannine R. Moreau,<br><br>Defendants. | Case No. 22-CV-3218 (PJS/TNL)<br><br>ORDER |

Julie F. Wall, CHITTENDEN, MURDAY & NOVOTNY LLC, for plaintiff.

Brian J. Moreau, defendant, pro se; Julie Hedstrom, defendant, pro se; Jana Edmondson, defendant, pro se.

Plaintiff Midland National Life Insurance Company ("Midland") filed this interpleader action on December 29, 2022 to resolve conflicting claims among defendants (and siblings) Brian. J. Moreau, Julie Hedstrom, Jana Edmondson, and Jeannine Lundstrom to the proceeds of a $25,000 life-insurance policy issued on the life of their mother, Eleanor A. Moreau ("Policy 1700589296"). Midland obtained service waivers from Moreau, Hedstrom, and Edmondson in January and February 2023, *see* ECF Nos. 10–12, and personally served Lundstrom in March 2023. *See* ECF No. 15. Midland then deposited its admitted liability plus interest—a total of $26,584.74—into

the Court registry.  *See* Receipt, ECF No. 16.  More than three months passed in which defendants failed to respond or otherwise participate in the action, so in July 2023 Midland sought and secured an entry of default.  *See* ECF No. 19.

This matter is now before the Court on Midland's motion for a default judgment and attorney's fees and costs.  ECF No. 20.  The Court held a hearing on the motion on September 22, 2023.  Moreau, Hedstrom, and Edmondson participated in the hearing, but did not contest Midland's entitlement to a default judgment or reasonable attorney's fees and costs.  Moreover, Hedstrom and Edmondson indicated that they did not oppose distribution of the fund to Moreau, as the amount at stake was not worth the time, energy, and money they would have to expend to continue to oppose their brother's claim.

For the reasons stated below, the Court grants Midland's motion for a default judgment, awards attorney's fees and costs to the extent described below, and orders the remaining proceeds of Policy 1700589296 to be distributed to Moreau.

## I. ANALYSIS

### A. Default Judgment

"Interpleader is a procedural device whereby a party holding money or property concededly belonging to another may join in a single suit two or more parties asserting mutually exclusive claims to the fund.  The stakeholder is thereby freed from the threat

of multiple liability and/or the vexation of multiple lawsuits." *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976) (citation omitted). The allegations in the complaint—which the Court must take as true on a motion for a default judgment, *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)—establish that Midland is entitled to interpleader relief because defendants have asserted competing claims to the proceeds of Policy 1700589296, and Midland itself has no claim to those funds. *See* Compl. ¶¶ 27, 30. For that reason, and because Midland has complied with the requirements of Fed. R. Civ. P. 55, the Court will grant a default judgment to Midland, release it from liability with respect to Policy 1700589296, and enjoin defendants from pursuing any claim against Midland with respect to Policy 1700589296.

*B. Reasonable Attorney's Fees*

Reasonable attorney's fees are available to an interpleader plaintiff on the theory that a "completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred" in pursuing resolution of competing claims on a fund that it merely holds. *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 979 (8th Cir. 2016) (quoting *Hunter v. Fed. Life. Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940)). However, "the amount allowed for such fees should be modest," because "[a]n interpleader action, including the depositing of the fund in the registry of the court and the procuring of an order of discharge of the stakeholder from

further liability, does not usually involve any great amount of skill, labor, or responsibility." *Id.* (quotations omitted).

"It is the typical practice of federal courts to order that an award of attorneys' fees to a disinterested shareholder be paid out of the interpleaded fund." *Protective Life Ins. Co. v. Kridner*, No. 12–582 (JRT/JJG), 2013 WL 1249205, at *8, n.17 (D. Minn. Mar. 27, 2013) (collecting cases). Here, Midland seeks an award of $13,814.00 in attorney's fees and $533.10 in costs,[1] plus additional fees incurred after the filing of its motion, all to be paid from the interpleaded fund. In other words, Midland seeks to claw back more than *half* of the $26,584.74 that belongs to one or more of the defendants.

Midland's request is not "modest" or even reasonable. *Moody Station*, 821 F.3d at 979. For one thing, Midland's request appears to be out of step with the attorney's fees approved in similar cases. Fee awards in life-insurance interpleader cases similar to this one seem to range from $2,635.50, *see N. Am. Co. for Life & Health Ins. v. Moua*, No. 2:22-cv-2152, 2023 WL 3590703, at *3 (W.D. Ark. Apr. 20, 2023), to the $6,993.50 that Midland received in a recent case using the same law firm, *see Midland Nat'l Life Ins. Co. v. Hogan*, 3:21-CV-03006-RAL, 2021 WL 5416247, at *2 (D.S.D. Nov. 19, 2021); *see also*,

---

[1]The billing records submitted to the Court by Midland list a total of $15,678 in fees and $548.35 in costs. Because the Court cannot account for the discrepancy between those totals and the $14,374.10 total listed in the papers accompanying Midland's motion for default, *see, e.g.*, Wall Aff. ¶ 12, ECF No. 23, the Court will treat the request in the docketed materials as controlling.

*e.g.*, *Hartford Life & Accident Ins. Co. v. Rogers*, No. 3:13–cv–101, 2014 WL 4980891, at *1, *3 (D.N.D. Oct. 3, 2014) (awarding $5,546.04 in life-insurance interpleader case); *Kridner*, 2013 WL 1249205, at *8, n.16 (awarding reduced attorney's fees of $6,564.55 in life-insurance case and collecting cases with similar awards).

In addition, the billing records submitted by Midland reveal that its attorneys and paralegals billed roughly 60 hours on this case,[2] which goes beyond what is reasonably necessary "given the limited nature of the litigation and the amount in controversy." *Hartford Life Ins. Co. v. Pottorff*, No. 5:13–cv–77 (MAD/DEP), 2014 WL 1393751, at *7 (N.D.N.Y. Apr. 9, 2014). Again, this was a routine fight among siblings over a $25,000 life-insurance policy. The Court recognizes that the proceedings were slightly complicated because of defendants' failure to respond, which required Midland to move for a default judgment. But even if that justified spending a few extra hours on the case, it would not explain why so many of the entries in the billing record are vague, unnecessary, or duplicative.[3] Based on the Court's experience as a practitioner and

---

[2]The Court cannot be sure how many hours went into the $13,814 requested in Midland's papers, because only the billing records submitted in camera—which reflect $15,678 in fees for 68 hours of work—contain any information on how many hours Midland's attorneys spent on the matter. However, the Court has estimated the number of hours reflected in Midland's $13,814 request by dividing that number by the quotient of $15,678 and 68 (i.e. the average hourly rate reflected in the submitted billing records), which comes out to 59.9 hours.

[3]For example, one attorney apparently spent 5.4 hours over four days to prepare
(continued...)

judge, the Court does not believe that Midland would have paid these bills in full, and thus it is unreasonable to expect defendants to do so.

What, then, would be a reasonable amount of attorney's fees?[4]  "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).  Midland's legal team consists of three attorneys who charged between $200 and $345 per hour, and a paralegal who charged between $105 and $120 per hour.  Based on its experience ruling on fee requests, the Court finds that these rates are consistent with the "ordinary rate for similar work in the community," *id.*, but finds that the excessive number of hours expended on the case warrants a 50% reduction in the fee total.  Accordingly, the Court awards Midland $6,907 in attorney's fees and $533.10 in costs—for a total of $7,440.10—to be paid out of the interpleaded fund.  *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

---

[3](...continued)
for a meeting that lasted under 12 minutes.  Similarly, at one point an attorney appears to have double-billed for a meeting that lasted less than 6 minutes by logging a separate .1-hour entry for each topic discussed.  These kinds of entries, along with numerous other .1-hour entries, do not reflect reasonably efficient or disciplined billing practices.

[4]The Court takes no issue with the $533.10 in costs sought by Midland.

*C. Disposition of the Policy Proceeds*

Midland has not offered any suggestion as to how a court should proceed in an interpleader action after granting a default judgment against all defendants. Such a scenario appears to be rare, as typically at least one defendant appears in the action to make a claim on the interpleaded fund. *See Prudential Ins. Co. of Am. v. Freeman*, No. 4:20-cv-01549-AGF, 2021 WL 5446731, at *1 (E.D. Mo. Nov. 22, 2021) ("In an interpleader action where all defendants but one have defaulted, the remaining defendant is entitled to the funds." (citation omitted)). Taking a cue from an analogous case, however, the Court will proceed to determine how to dispose of the fund based on the materials it has before it. *See Pottorff*, 2014 WL 1393751 at *4–5.

The Court concludes that Moreau is entitled to the proceeds of the policy at issue, as the complaint and the exhibits attached to the complaint establish that Eleanor Moreau designated Moreau as the sole beneficiary of the policy. *See* Compl. ¶ 12; Compl. Exs. 3–4, ECF No. 1-1, at 34–38. Although the complaint describes communications from Hedstrom, Edmondson, and Lundstrom contesting Moreau's entitlement to the fund (they suggest that their mother was not of sound mind when she designated Moreau as the sole beneficiary of the policy), *see* Compl. ¶¶ 16–23; Compl. Exs. 6–12, ECF No. 1-1 at 42–54, the Court cannot consider those out-of-court statements for the truth of the matters asserted. *Cf. LeMay v. Mays*, 18 F.4th 283, 289 (8th

Cir. 2021) (explaining that materials embraced by pleadings may not be viewed for truth of matters asserted on motion to dismiss). Based on what is properly before the Court, the Court has no basis to question Eleanor Moreaus's designation of Moreau as the policy's sole beneficiary.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's motion for a default judgment and attorney's fees and costs [ECF No. 20] is GRANTED IN PART as follows:

1. Plaintiff has acted in good faith by interpleading the proceeds of Midland National Life Insurance Company Policy No. 1700589296, previously designated Policy No. 589296, and its admitted liability with the Clerk of Court.

2. Plaintiff has no further liability to defendants for the death benefit payable under Midland National Life Insurance Company Policy No. 1700589296, previously designated Policy No. 589296, or on account of the death of Eleanor A. Moreau, the insured.

3. Defendants are enjoined from instituting or prosecuting any action or claim against plaintiff or its agents with respect to proceeds payable under the terms of Midland National Life Insurance Company Policy No.

1700589296, previously designated Policy No. 589296, or on account of the death of Eleanor A. Moreau, the insured.

4.  Plaintiff is awarded $6,907 in attorney's fees and $533.10 in costs. The Clerk shall disburse a check for $7,440.10 to plaintiff from the account in the Registry of Court representing the benefits due under Midland National Life Insurance Company Policy No. 1700589296.

5.  The Clerk shall disburse a check from the Registry of Court to defendant Brian J. Moreau for the balance of the account representing the benefits due under Midland National Life Insurance Company Policy No. 1700589296.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 19, 2023                     s/Patrick J. Schiltz
                                            Patrick J. Schiltz, Chief Judge
                                            United States District Court